UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IKEY SHAMMAH, | : | Civil Action No. |
| Plaintiff, | : | |
| v. | : | **COMPLAINT** |
| VITAL RECOVERY SERVICES, INC., | : | |
| Defendant | : | |

Plaintiff IKEY SHAMMAH ("Plaintiff"), by and through his attorneys, Jim Chehebar, Esq., as and for his Complaint against the Defendant, VITAL RECOVERY SERVICES, INC., ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New Jersey, residing at 612 Deal Road, Ocean, NJ 07712.

3. Defendant is a corporation duly organized and existing under the laws of the State of Georgia, with an address at 3795 Data Drive, Suite 200,

Norcross, Georgia 30092-6534.

4. The Plaintiff is a "consumer" as that phrase is defined and used in the FDCPA pursuant to 15 U.S.C. §1692a (3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA pursuant to 15 U.S.C. §1692a (6).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is properly placed in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), based upon plaintiff's residence within this district.

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on its behalf, or on behalf of a third-party, as purchaser of the debt, began collecting an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff on or about June 5, 2012.

11. Defendant's message failed to provide the required disclosures that they are debt collectors attempting to collect a debt and that any information obtained would be used for that purpose.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. 15 USC §1692e (11) requires that a debt collector disclose their identity in all communications with the consumer.

14. The Defendant, therefore, violated 15 USC §1692e(11) by failing to provide the required disclosures that they are debt collectors attempting to collect a debt and that any information obtained would be used for that purpose in their message left on or about June 5, 2012.

15. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Vital Recovery Services, Inc., as follows: For actual damages provided and pursuant to 15 USC §1692k(a)(1); For statutory damages provided and pursuant to 15 USC §1692k(2)(A); For statutory damages provided and pursuant to 15 USC §1692k(2)(B); For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3); A declaration that the Defendant's practices violated the FDCPA; For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:      November 27, 2012

M. HARVEY REPHEN & ASSOCIATES, P.C.
Jim Chehebar, Esq.
*Of Counsel*
4 Ross Court
Oakhurst, New Jersey 07755
(732) 616-6944
Attorney for the Plaintiff
Ikey Shammah

To: Vital Recovery Services, Inc.
3795 Data Drive, Suite 200
Norcross, Georgia 30092-6534

*(Via Prescribed Service)*

Clerk of the Court
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

*(For Filing Purposes)*